| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| Michael Smith (SBN 259267)<br>Shioda Langley and Chang<br>4158 Fourteenth Street<br>Riverside, CA 92501<br>Telephone: (951) 383-3388<br>Fax: (877) 483-4434<br>mike@langleylegal.com<br><br>☐ *Debtor appearing without attorney*<br>☒ *Attorney for Debtor* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br>Michelle A. Killackey | CASE NUMBER: 6:26-bk-10924-SY |
|---|---|
| | CHAPTER: 13 |
| | **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** |
| Debtor(s). | [No hearing required unless requested under LBR 9013-1(o)] |

| **Creditor Name:**<br>Unifund CCR, LLC |
|---|

**TO THE CREDITOR, ATTORNEY FOR CREDITOR AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS HEREBY GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), avoiding a lien on the grounds set forth below.

2. **Deadline for Opposition Papers:**
   Pursuant to LBR 9013-1(o), any party opposing the motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice of motion and motion, plus an additional 3 days unless this notice of motion and motion was served by personal delivery or posting as described in Federal Rules of Civil Procedure 5(b)(2)(A)-(B), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.*
*"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3.  **Type of Case:**

   a.  ☒ A voluntary petition under Chapter    ☐ 7   ☐ 11   ☐ 12   ☒ 13 was filed on: __02/09/2026__

   b.  ☐ An involuntary petition under Chapter    ☐ 7   ☐ 11 was filed on: _____

       ☐ An order of relief under Chapter    ☐ 7   ☐ 11 was entered on: _____

   c.  ☐ An order of conversion to Chapter    ☐ 7   ☐ 11   ☐ 12   ☐ 13 was entered on: _____

   d.  ☐ Other:

4.  **Procedural Status:**

   a.  ☒ Name of Trustee appointed (if any): __Todd A. Frealy__

   b.  ☐ Name of Attorney for Trustee (if any): _____

5.  Debtor claims an exemption in the subject real property under:

   a.  ☒ California Code of Civil Procedure § __704.730_____ (Homestead): Exemption amount claimed on schedules: $ __400,000.00____

   b.  ☐ California Code of Civil Procedure § _____ Exemption amount claimed on schedules: $ _____

   c.  ☐ Other statute (specify): _____

6.  Debtor's entitlement to an exemption is impaired by a judicial lien, the details of the lien are as follows:

   a.  Date of entry of judgment (specify): __08/21/2014__
   b.  Case name (specify): __Unifund CCR LLC v. Michelle A. Killackey__
   c.  Name of court: Superior Court of California, County of Riverside
   d.  Docket number (specify): __SWC1400790__
   e.  Date (specify): __09/22/2014__ and place (specify) Riverside County _____ of recordation of lien
   f.  Recorder's instrument number (specify): 2014-0357881(Renewed 4/18/2024 2023-0109826)

7.  The property claimed to be exempt is as follows:

   a.  Street address, city, county and state, where located, (specify):
      39865 La Moria Corte, Murrieta, CA 92562

   b.  Legal description (specify): .15 ACRES IN LOT 15 MB 174/032 TR 21999

                                                    ☐ See attached page

8.  Debtor acquired the property claimed as exempt on the following date (specify): 12/30/1999

9.  Debtor alleges that the fair market value of the property claimed exempt is: $ 550,000.00

10. The subject property is encumbered with the following liens (list mortgages and other liens in order of priority and place an "X" as to the lien to be avoided by this motion):

| Name of Lienholder | "X" | Date Lien Recorded | Original Lien Amount | Current Lien Amount | Date of Current Lien |
|---|---|---|---|---|---|
| Wells Fargo Bank, N.A. | ☐ | 12/30/1999 | $ 126,000.00 | $ 61,524.00 | 12/30/1999 |
| Unifund CCR, LLC | ☒ | 09/22/2014 | $ 34,428.74 | $ 71,920.02 | 04/18/2023 |
| Val-Chris Invs Inc. | ☐ | 09/15/2022 | $ 260,000.00 | $ 305,005.10 | 09/15/2022 |
| | ☐ | | $ | $ | |

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

11. Debtor attaches copies of the following documents in support of the motion (as appropriate):

    a.  ☒ Schedule C to bankruptcy petition listing all exemptions claimed by Debtor

    b.  ☒ Appraisal of the property

    c.  ☒ Documents showing current balance due as to the liens specified in paragraph 11 above

    d.  ☒ Recorded Abstract of Judgment

    e.  ☐ Recorded Declaration of Homestead (Homestead Exemption)

    f.  ☒ Declaration(s)

    g.  ☒ Other (specify):
        Renewal of Judgment

12. Total number of attached pages of supporting documentation: _____

13. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct [28 U.S.C. § 1746(1) and (2)].

WHEREFORE, Debtor requests that this court issue an order avoiding Creditor's lien in the form of the **Attachment** to this motion.

Executed on (date): __04/21/2026__

_Michelle A Killackey_
Signature of Debtor

Michelle A. Killackey
Printed name of Debtor

Date: __04/21/2026__

/s/ Michael Smith
Signature of Attorney for Debtor

Michael Smith
Printed name of Attorney for Debtor

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2017                               Page 3                          F 4003-2.1.AVOID.LIEN.RP.MOTION

## ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF REAL PROPERTY JUDICIAL LIENS)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** Unifund CCR, LLC                                              .

2. **Subject Lien:** Date and place of recordation of lien (*specify*): 9/22/2014 County of Riversid  Renewed on 4/18/2023

   County of Riverside                                                                                      

   Recorder's instrument number or document recording number: 2014-0357881, 2023-0109826 .

3. **Collateral:** Street address, city, county and state, where located, legal description and/or map/book/page number, including county of recording:
   39865 La Moria Corte, Murrieta, CA 92562, .15 ACRES IN LOT 15 MB 174/032 TR 21999, County of Riverside       .
   ☐ See attached page.

4. **Secured Claim Amount**
   a. Value of Collateral: ........................................................................ $      550,000.00
   b. Amounts of Senior Liens (reducing equity in the property to which the subject lien can attach):
        (1) First lien: ...................................... ($      61,524.00)
        (2) Second lien: .................................. ($                )
        (3) Third lien: ..................................... ($                )
        (4) Additional senior liens (*attach list*): .................... ($                )
   c. Amount of Debtor's exemption(s): .................................. ($      600,000.00)
   d. Subtotal: .................................................................................... ($      661,524.00)
   e. Secured Claim Amount (negative results should be listed as -$0-): $                0.00
   Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A of the Plan).

5. **Lien avoidance:** Debtor's request to avoid the Subject Lien is granted as follows. The fixing of the Subject Lien impairs an exemption to which Debtor would otherwise be entitled under 11 U.S.C. § 522(b). The Subject Lien is not a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations). The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

☐ See attached page(s) for more liens/provisions.

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## DECLARATION OF JOHN HOLMES

**I, John Holmes**, declare as follows:

1.    I am a licensed real estate salesperson in the State of California, under California Dept. of Real Estate Lic#000957800. The matters stated herein are within my own personal knowledge or information and, if called upon to testify, I could and would competently testify thereto.

2. On or about February 21, 2026, I reviewed the real property located at 39865 La Moria Corte, Murrieta, CA 92562 ("Property"). Based on my research of comparable homes, which were publicly listed and sold in the marked area surrounding the Property, between October 27, 2025 and February 5, 2026, I generated a written opinion of price, which is attached hereto as Exhibit "9".

3. It is my opinion that the market value of the Property, in its condition at the time of filing, was $550,000.00

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge.  Executed at Irvine, California on this 21st day of April 2026.

John Holmes

## DECLARATION OF MICHELLE A. KILLACKEY

I, MICHELLE A. KILLACKEY, declare:

1. I am over the age of eighteen years; the matters set forth herein are of my personal knowledge; and, if called and sworn as a witness herein, I could and would so testify.

2. Attached hereto as Exhibit "1", please find copy of the senior deed of trust, which I acquired from the Riverside County Recorder's office.

3. Attached hereto as Exhibit "2", please find copy of the payoff statement for the note secured by the senior deed of trust, which was provided to me by Wells Fargo Home Mortgage.

4. Attached hereto as Exhibit "3", please find copy of the recorded abstract of judgment in favor of Unifund CCR, LLC, which I acquired from the Riverside County Recorder's office.

5. Attached hereto as Exhibit "4", please find copy of the recorded renewal of judgment in favor of Unifund CCR, LLC, which I acquired from the Riverside County Recorder's office.

6. Attached hereto as Exhibit "5", please find copy of the payoff statement for the debt secured by the abstract judgment, which was provided to me by Unifund CCR, LLC's counsel.

7. Attached hereto as Exhibit "6", please find copy of the junior deed of trust, which I acquired from the Riverside County Recorder's office.

8. Attached hereto as Exhibit "7", please find copy of the payoff statement for the note secured by the junior deed of trust, which was provided to me by Val-Chris Invs. Inc.

9. Attached hereto as Exhibit "8", please find copy of schedule C from my bankruptcy petition, which I acquired from CM/ECF.

10. Attached hereto as Exhibit "9", please find copy of the Broker Price Opinion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and complete to the best of my knowledge. Executed at Murrieta, California on this 21st day of April 2026.

Michelle A. Killackey

# EXHIBIT 1

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2009. All rights reserved.

*ATI*

RECORDING REQUESTED BY:
WORLD SAVINGS BANK


WHEN RECORDED MAIL TO:
WORLD SAVINGS
CENTRAL PROCESSING CENTER
CLOSING DEPARTMENT
P.O. BOX 659548
SAN ANTONIO, TX 78265-9548

LOAN NUMBER: 0011948734

NOTE AMOUNT:      $126,000.00

*990419297*



DOC # 1999-565801
12/30/1999 08:00A Fee:56.00
Page 1 of 17
Recorded in Official Records
County of Riverside
Gary L. Orso
Assessor, County Clerk & Recorder

| M | S | U | PAGE | SIZE | DA | PCOR | NOCOR | SMF | MISC |
|---|---|---|------|------|-----|------|-------|-----|------|
|   |   |   |      |      | /   |      |       |     |      |
|   |   |   |      |      |     |      |       |     | \    |
| A | R | L |      |      | COPY | LONG | REFUND | NCHG | EXAM |

T
SF

DEED OF TRUST

THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE RENEWED OR RENEGOTIATED.

THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS      $157,500.00 WHICH IS   125 % OF THE "NOTE AMOUNT".

I.    DEFINITIONS OF WORDS USED IN THIS DEED OF TRUST
    (A)   Security Instrument. This Deed of Trust, which is dated DECEMBER 23, 1999, will be called the "Security Instrument."

    (B)   Borrower. MICHELLE KILLACKEY, AN UNMARRIED WOMAN


sometimes will be called "Borrower" and sometimes simply "I" or "me."

    (C)   Lender. WORLD SAVINGS BANK, A FEDERAL SAVINGS BANK * * * * *
* * * * * * * * * * * * * * * * * * * * , ITS SUCCESSORS AND/OR ASSIGNEES, will be called "Lender." Lender is A FEDERAL SAVINGS BANK * * * * * * * * * * * *   which is organized and exists under the laws of the United States. Lender's address is 1901 HARRISON STREET, OAKLAND, CALIFORNIA  94612.

*003*

LENDER'S USE ONLY

SD001A1 (06.01.99/1-99) A01A                 Page 1                    CA
DEFERRED INTEREST              DEED OF TRUST-ADJUSTABLE

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2006. All rights reserved.

0011948734

**(D)** **Note.** The note signed by Borrower and having the same date as this Security Instrument will be called the "Note." The Note shows that I owe Lender the original principal amount of U.S. $126,000.00 ("Note Amount"), plus accrued and deferred interest and such other amounts as stated in the Note. I have promised to pay this debt in monthly payments and to pay the debt in full by JANUARY 15, 2030.

**(E)** **Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

**(F)** **Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured"

**(G)** **Person.** Any person, organization, governmental authority or other party will be called "Person."

**(H)** **Trustor, Beneficiary, Trustee.** Borrower is the "Trustor," Lender is the "Beneficiary" and GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO., A CALIFORNIA CORPORATION, is the "Trustee."

## II.    BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY

I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument. This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also those rights that the law gives to lenders who are beneficiaries of a deed of trust and to trustees of a deed of trust. I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to:

(i)    pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender;

(ii)    pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property; and

(iii)    keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender.

## III.    DESCRIPTION OF THE PROPERTY

I give Trustee rights in the Property described below:    $\mathcal{M}$ Corte

(i)    The property which is located at **39865 LA MORIA COURT, MURRIETA, CA 92562.** * * * * * * * * * * * * * * * * * * * * * The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument. This Property is called the "Described Property."

(ii)    All buildings and other improvements that are located on the Described Property;

SD00181 (08.01.99/1-99) A01C             DEED OF TRUST-ADJUSTABLE             CA
DEFERRED INTEREST                    Page 2



1999-565691

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2009. All rights reserved.

0011948734

(iii)    All rights in other property that I have as owner of the Described Property. These rights are known as easements, rights and appurtenances attached to the Property;

(iv)    All rents or royalties and other income from the Described Property;

(v)    All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property;

(vi)    All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property;

(vii)    All fixtures that are now or in the future will be on the Described Property or on the property described in subsection (ii) of this Section;

(viii)    All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future;

(ix)    All replacements of or additions to the property described in subsections (ii) through (viii) of this Section; and

(x)    All of the amounts that I pay to Lender under Paragraph 2 below.

**IV.    BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**
I promise that (i) I lawfully own the Property; (ii) I have the right to grant and convey the Property to Trustee; and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record.

I give a general warranty of title to Lender. This means that I will be fully responsible for any losses which Lender suffers because someone other than myself and the Trustee has some of the rights in the Property which I promise that I have. I promise that I will defend my ownership of the Property against any claims of such rights.

## COVENANTS

I promise and I agree with Lender as follows:

**1.    BORROWER'S PROMISE TO PAY**
I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes.

**2.    PAYMENTS FOR TAXES AND INSURANCE**
**(A)    Borrower's Obligations**
I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any).

1999-565801
12.30.1999 08 80A
3 of 17

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2004. All rights reserved.

**(B)    Escrow Accounts**

0011948734

Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for: (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property; (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; (d) yearly flood insurance premiums, if any; and (e) yearly mortgage insurance premiums, if any. These items are called "Escrow Items." Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. § 2601 et seq. ("RESPA"), unless another law that applies to the Funds sets a lesser amount. If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount. Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items. Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge. However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds. Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage. I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender. If, under paragraph 28, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

SD001D (05.01.99/1-99) A01F

DEED OF TRUST-ADJUSTABLE

Page 4

CA



1999-565861

Documents provided by Data-Tree LLC via it's proprietary imaging and delivery system. Copyright 2006 All rights reserved.

0011948734

### 3. APPLICATION OF BORROWER'S PAYMENTS

Unless the law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes:

First, to pay prepayment charges due under the Secured Notes;

Second, to pay any advances due to Lender under this Security Instrument;

Third, to pay the amounts due to Lender under Paragraph 2 above;

Fourth, to pay interest due under the Secured Notes;

Fifth, to pay deferred interest due under the Secured Notes;

Sixth, to pay principal due under the Secured Notes;

Last, to pay late charges due under the Secured Notes.

### 4. BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS

I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument.

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property. I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them.

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a lien. I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument. However, this Security Instrument does not require me to satisfy a superior lien if: (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation; or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up; or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person. If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien. I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice.

### 5. BORROWER'S OBLIGATION TO MAINTAIN INSURANCE

At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property. The insurance must cover loss or damage caused by fire, hazards normally covered

SD001E (06.01.99/1-99) A01G

DEED OF TRUST-ADJUSTABLE
Page 5

C.A



1999-565801
12.'30.'1999 08 08A
5 of 17

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

**0011948734**

by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage. The insurance must be in the amounts and for the periods of time required by Lender. I may choose the insurance company but my choice is subject to Lender's approval. Lender may not refuse to approve my choice unless the refusal is reasonable. All of these insurance policies and renewals of the policies must include what is known as a **Standard Mortgagee Clause** to protect Lender. The form of all policies and renewals must be acceptable to Lender. Lender will have the right to hold the policies and renewals. If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive.

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds.

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender. If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so.

The amount paid by the insurance company is called "Proceeds." Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows: (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender.

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds. Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured. The 30-day period will begin when the notice is given.

If any Proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my monthly payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

If Lender acquires the Property under Paragraph 28 below, all of my rights in the insurance policies will belong to Lender. Also, all of my rights in any proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender. However, Lender's rights in those proceeds will not be greater than the Sums Secured immediately before the Property is acquired by Lender or sold.

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law.

SD001F (08.01.98/1-99) A01H                    DEED OF TRUST-ADJUSTABLE                    CA
                                                        Page 6



1999-565801
12/30/1999 68 66A
6 of 17

Document provided by OdaTrak LLC via its proprietary imaging and delivery system. Copyright 2003. All rights reserved.

0011948734

### 6. BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS

I will keep the Property in good repair. I will not destroy or substantially change the Property and I will not allow the Property to deteriorate. I will keep and maintain the Property in compliance with any state or federal hazardous materials and hazardous waste laws. I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property. I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of hazardous waste or any other hazardous materials claim. If I do not own but am a tenant on the property, I will fulfill my obligations under my lease. I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing.

### 7. LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY

If: (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (such as a legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever is necessary to protect the Lender's rights in the Property. Lender's actions may, without limitation, include appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Section 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs. Lender must give me notice before Lender may take any of these actions. Although Lender may take action under this Paragraph 7, Lender does not have to do so. Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument.

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes which have not been paid. I will pay those amounts to Lender when Lender sends me a notice requesting that I do so. Interest on each amount will begin to accrue on the date that the amount is advanced by Lender. However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7. This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest.

### 8. LENDER'S RIGHT TO INSPECT THE PROPERTY

Lender, and others authorized by Lender, may enter upon and inspect the Property. They must do so in a reasonable manner and at reasonable times. Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection.

### 9. AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY

I assign to Lender all my rights: (A) to proceeds of all awards or claims for damages resulting from condemnation, eminent domain or other governmental taking of all or any part of the Property; and (B) to proceeds from a sale of all or any part of the Property that is made to avoid condemnation, eminent domain or other government taking of the property. All of those proceeds will be paid to Lender.

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured. If any of the proceeds remain after the amount that I owe to Lender has been paid in full, the remaining proceeds will be paid to me. Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, the amount that I owe to Lender will be reduced only by the amount of proceeds multiplied by the following fraction: (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking. The remainder of the proceeds will be paid to me.

SD001G (06.01.99/1-99) A011

DEED OF TRUST-ADJUSTABLE

Page 7

CA



Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

0011948734

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds. Lender may then use the proceeds to repair or restore the Property or to reduce the Sums Secured. The 30-day period will begin when the notice is given.

If any proceeds are used to reduce the amount of principal which I owe to Lender under the Secured Notes, that use will not delay the due date or change the amount of any of my monthly payments under the Secured Notes and under Paragraphs 1 and 2 above. However, Lender and I may agree in writing to delays or changes.

## 10.    CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS

### (A)    Borrower's Obligations
Lender may allow a Person who takes over my rights and obligations subject to this Security Instrument to delay or to change the amount of the monthly payments of principal and interest due under the Secured Notes or under this Security Instrument. Even if Lender does this, however, that Person and I will both still be fully obligated under the Secured Notes and under this Security Instrument.

Lender may allow those delays or changes for a Person who takes over my rights and obligations, even if Lender is requested not to do so. Lender will not be required to bring a lawsuit against such a Person for not fulfilling obligations under the Secured Notes or under this Security Instrument, even if Lender is requested to do so.

### (B)    Lender's Rights
Even if Lender does not exercise or enforce any of its rights under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future. Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 28 below to demand that I make immediate payment in full of the amounts that I owe to Lender under the Secured Notes and under this Security Instrument.

## 11.    OBLIGATIONS OF BORROWER AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS
Any Person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument. Similarly, any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument.

If more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument. Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together. This means that any one of us may be required to pay all of the Sums Secured.

## 12.    MAXIMUM LOAN CHARGES
If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then: (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted

SD001H (06.01.99/1-99) A01J                        DEED OF TRUST·ADJUSTABLE                                    CA

Page 8



1999-565601

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

0011948734

limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Secured Notes or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes.

**13.    LEGISLATION AFFECTING LENDER'S RIGHTS**
If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument.

**14.    NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT**
Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice will be addressed to me at 39865 LA MORIA COURT, MURRIETA, CA 92562. * * * * * * * * * * * * * * * * * * * * *_Corte_* * * * * A notice will be given to me at an alternative address if I give Lender a notice of my alternative address. I may designate only one mailing address at a time for notification purposes. Any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I.(C) above entitled, "Definitions of Words Used In This Deed of Trust," unless Lender gives me notice of a different address. Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law.

**15.    GOVERNING LAW; SEVERABILITY**
This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes.

**16.    BORROWER'S COPY**
I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument.

**17.    LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY**
If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B), enter upon and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change rental agreements and leases. If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so.

If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that (A) my right to occupy the Property ceases at the time the Property is sold; (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property; and (C) my wrongful and

SD0011 (06.01.99/1-99) A01K                     DEED OF TRUST-ADJUSTABLE                          CA
Page 9



1999-565801

Document provided by DataTrac LLC via its proprietary imaging and delivery system. Copyright 2004. All rights reserved.

0011948734

unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction. All rental payments collected by Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property. If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured. The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds.

**18.   INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS**
An assignment is a transfer of rights to another. I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument. These rights to bring legal action may include an action for breach of contract, fraud, concealment of a material fact or for intentional or negligent acts. I assign these rights, and any proceeds arising from these rights, as permitted by applicable law, to Lender. Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to any amount that I may owe to Lender under the Note and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights. At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment.

**19.   CLERICAL ERRORS**
In the event Lender at any time discovers that this Security Instrument, the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error.

**20.   LOST, STOLEN OR MUTILATED DOCUMENTS**
If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

**21.   WAIVER OF STATUTE OF LIMITATIONS**
I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes.

**22.   CAPTIONS**
The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument.

**23.   MODIFICATION**
This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender.

**24.   CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS**
If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that:

SD001J (08.01.99/1-99) A01L

DEED OF TRUST-ADJUSTABLE

Page 10

CA

1999-565801
12.30.1999 08 00A
18 of 17

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003, All rights reserved.

**0011948734**

(A)   If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest.

(B)   The following are called the "Constituent Documents:" (i) The declaration or any other document which created the Project; (ii) By-laws of the Owners Association; (iii) Code of regulations for the Project; (iv) Articles of incorporation, trust instrument or equivalent document which creates the Owners Association; (v) The Project's covenants, conditions and restrictions; (vi) Other equivalent documents.

I shall perform all of my obligations under the Constituent Documents, including my obligation to pay, when due, all dues and assessments. If I do not pay the dues and assessments when due, Lender may, at its option, pay them. I will pay to Lender any amounts which Lender advances under this Paragraph 24 according to the terms described in Paragraph 7 above.

(C)   If the Owners Association maintains, with an insurance company reasonably acceptable to Lender, a master or blanket policy on the Project which is satisfactory to Lender and which provides insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," and Lender is provided with evidence of such master or blanket policy, then: (i) Lender waives the provision in Paragraph 2(B) above for the monthly payment to Lender of the estimated yearly premium installments for hazard insurance on the Property; and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be satisfied to the extent that the required coverage is provided by the Owners Association policy. I shall give Lender prompt notice of any lapse in the required hazard insurance coverage. I shall provide a copy of such master or blanket policy to Lender annually.

In the event of a distribution of any hazard insurance proceeds, including without limitation any earthquake or special hazards insurance whether or not such coverage was required by Lender, in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums Secured by this Security Instrument, with any excess paid to me.

I shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage.

(D)   I shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to: (i) the abandonment or termination of the Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of condemnation, eminent domain or other governmental taking; (ii) any amendment to any provision of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally; (iii) termination of professional management and assumption of self-management of the Owners Association; or (iv) any action which would have the effect of rendering the master or blanket hazard insurance policy and/or the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

SD001K (05.01.99/1-99) A01M                DEED OF TRUST-ADJUSTABLE                           CA
                                           Page 11



1999-565801

Documents provided by DataTree LLC via it's proprietary imaging and delivery system. Copyright 2003. All rights reserved.

0011948734

**25.   FUTURE ADVANCES**
At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to Borrower. Such future advances, with interest, will then be additional Sums Secured under this Security Instrument.

**26.   AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

<u>Acceleration of Payment of Sums Secured.</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission. Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission. However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument.

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration. If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me.

<u>Exception to Acceleration of Payment of Sums Secured.</u> If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if:

(i)   Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)   Lender approves the creditworthiness of the transferee in writing;

(iii)   transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards;

(iv)   an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender; and

(v)   the transferee executes an assumption agreement which is satisfactory to Lender.

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

**27.   SUBSTITUTION OF TRUSTEE**
I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee.

SD001L (06.01.99/1-99) A01N                    DEED OF TRUST-ADJUSTABLE                    CA
                                                       Page 12

1999-565681
12:30 1999 08 06m
12 of 17

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0011948734

**28.    RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY**
It will be called a "Breach of Duty" if (i) I do not pay the full amount of each monthly payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading. If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured.

If there is a Breach of Duty by me, Lender may take action to have the Property sold under any applicable law.

Lender does not have to give me notice of a Breach of Duty. If Lender does not make a demand for full payment upon a Breach of Duty, Lender may make a demand for full payment upon any other Breach of Duty.

If there is a Breach of Duty, Lender may also take action to have a receiver appointed to collect rents from any tenants on the Property and to manage the Property. The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property.

The sale of the Property may be postponed by or at the direction of Lender. If the Property is sold, I agree that it may be sold in one parcel. I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property.

Lender will apply the proceeds from the sale of the Property in the following order: (A) to all fees, expenses and costs incurred in connection with the sale, including trustees' and attorneys' fees, if any; (B) to all Sums Secured by this Security Instrument; and (C) any excess to the Person or Persons legally entitled to it.

**29.    RECONVEYANCE**
Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to Borrower. Lender may charge Borrower a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (including the Trustee) for services rendered and the charging of the fee is permitted, whether expressly or by lack of express prohibition, under applicable law. If the fee charged does not exceed any maximum fee set by applicable law, the fee is conclusively presumed to be reasonable.

**30.    STATEMENT OF OBLIGATION**
Lender may collect a fee of $60.00, or such greater maximum amount as may from time to time be allowed by law, for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes.

SD001M (08 01 99 1 99) A010                    DEED OF TRUST-ADJUSTABLE                    CA
REV (09 15.99:2-99)                                    Page 13



Document provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

0011948734

**31.  QUICK QUALIFYING LOAN PROGRAM**
I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly. This loan is called a "Quick Qualifying Loan." I have stated and I confirm that (A) I do not have any other Quick Qualifying Loans with Lender; (B) I have agreed to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument; and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes.

**32.  OWNER OCCUPANCY**
Lender has relied upon statements of fact which I have made to qualify for this loan. I have stated and confirm that  (A) the Property is my personal and primary residence; (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded; and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded.

If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument. If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes.


**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.**


SD001N1 (06.01.99/1-99) A01P

DEED OF TRUST-ADJUSTABLE
Page 14

CA

Document provided by DataTrac LLC via its proprietary imaging and delivery system. Copyright 2001. All rights reserved.

0011948734

BY SIGNING BELOW, I accept and agree to the promises and agreements contained in this Security Instrument and in any rider(s) signed by me and recorded in proper official records.

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)
MICHELLE KILLACKEY

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT

SD00101 (05.01.99/1-99) A01S

DEED OF TRUST-ADJUSTABLE
PAGE 15 OF 15

CA

1999-565801

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003, All rights reserved.

# California
# All-Purpose
# Acknowledgement

**State of California**                    **County of** Riverside

On · 12/28/97 before me, Stacy McElroy personally appeared

Michelle Killackey

personally known to me or proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official Seal

Stacy McElroy       #11173029
Commission Expires 3-6-02

```
STACY MC ELROY
COMM. #1173029
NOTARY PUBLIC-CALIFORNIA
RIVERSIDE COUNTY
COMM. EXP. MAR. 6, 2002
```

## OPTIONAL INFORMATION

Title or Type of Document:_____

Number of Pages:_____     Date of Document:_____

Signer(s) other than named above: _____

_____

1999-565891
12 · 30 · 1999 68 · 69A
16 of 17

Documents provided by DataTree LLC via its proprietary imaging and delivery system. Copyright 2003. All rights reserved.

**WORLD SAVINGS BANK,**
**A FEDERAL SAVINGS BANK**

# E X H I B I T   "A"
## LEGAL DESCRIPTION

LOAN NO. ____0011948734____

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF RIVERSIDE
STATE OF CALIFORNIA * * * * * , DESCRIBED AS FOLLOWS:

LOT  15 OF TRACT NO.  21999 AS SHOWN BY MAP ON FILE IN BOOK 174 PAGES 32 THROUGH
37, INCLUSIVE, OF MAPS, RECORDS OF RIVERSIDE COUNTY.

**TAPE ONLY THE LEGAL DESCRIPTION TO THIS PAGE.**

GF430 (01.02.99/1-99) R30A
UNIVERSAL

CA



1999-565891
12.30.1999 68 60A
17 of 17

EXHIBIT 2

708/0483506804/XP041/1/4


WELLS HOME
FARGO MORTGAGE

January 09, 2026


Dionisia Costa
949-296-0935




The Wells Fargo Home Mortgage payoff statement is enclosed.
                    Mortgagor:        Michelle Killackey
                    Property address: 39865 LA Moria Corte
                                      Murrieta CA 92562
708 Loan number: 0483506804                Loan type: CONV W/O PMI

The enclosed amount is needed to pay off the loan and is only good
through 01-15-26. After that time, you'll need to request a new payoff
statement because the amount will change.
This is because the loan accrues interest daily.

Please make sure to take care of these important items:
* Cancel any automatic payments right away. If you're enrolled in our
  automatic payment program, you'll need to cancel this at least five
  business days before the next scheduled withdrawal date.
* Update your mailing address by contacting us at the number below.
  We'll need your most current address to send any remaining escrow
  balance or the year-end interest statement.

What you need to know
* We may continue to make payments for the real estate tax and
  property insurance premium from the escrow account. If you have
  questions about upcoming payments, please call us.
* We'll settle any remaining funds in the escrow account in accordance
  with the applicable federal law.

We're here to help
If you have questions or need further assistance, please contact us at
1-800-868-0043, Monday - Friday, 7:00 a.m. to 7:00 p.m. Central Time.

708/0483506804/XP042/2/4/0000006152400
January 09, 2026                    Page 2 - 708 Loan number 0483506804
Mortgagor:         Michelle Killackey
Property address: 39865 LA Moria Corte
                   Murrieta CA 92562
708 Loan number:  0483506804              Loan type: CONV W/O PMI
WELLS FARGO HOME MORTGAGE - PAYOFF STATEMENT
All figures are subject to final verification by the noteholder. The
TOTAL AMOUNT OUTSTANDING of $ 61,524.00 is based on the good
through/closing date of 01-15-26. Below is a breakdown of that amount.

1.  TOTAL PRINCIPAL, INTEREST, AND OTHER AMOUNTS OUTSTANDING UNDER
NOTE/SECURITY INSTRUMENT
Note: 05-15-25 is the next payment date under Note/Security Instrument
Unpaid Principal balance                                    37,794.93
Unpaid Second Principal balance                              8,960.40
Interest as of 01-15-26                                      1,972.29
(Second) Interest as of 01-15-26                                  .00
   Unpaid escrow advance balance                             7,847.66
   Unpaid advance balance                                      846.00
   Unpaid late charges                                         118.50
TOTAL AMOUNT OUTSTANDING UNDER NOTE/SECURITY INSTRUMENT     57,539.78
2.  ADDITIONAL CONTRACTUAL AND OTHER FEES AND CHARGES OUTSTANDING
Other Charges                                                3,782.22
Recording Costs                                                202.00
Property Inspection                                              .00
Obligation Fee                                                   .00
Foreclosure Fee/Costs                                           .00
Special Handling                                                .00
TOTAL CONTRACTUAL AND OTHER FEES AND CHARGES OUTSTANDING     3,984.22
TOTAL AMOUNT OUTSTANDING through 01-15-26                    61,524.00

708/0483506804/XP042/3/4/0000006152400
January 09, 2026                    Page 3 - 708 Loan number 0483506804
WELLS FARGO HOME MORTGAGE - PAYOFF OPTIONS
* Interest will accrue on the loan until payoff funds are received.
* Funds received on weekends or holidays are applied next business day.
* Funds are applied as of the day received if made by the deadline
  listed below for the wire transfer selected. Otherwise, funds will be
  applied as of the next business day.
* All figures are subject to final verification by the noteholder.

HOW TO SEND THE PAYOFF
* We accept payoffs by wire transfer and mailed check.
* Financial institutions and/or mailing services may charge a fee
  for services such as wire transfers or checks.

WIRE TRANSFER -
Beneficiary Wells Fargo Bank, N.A.
Beneficiary Bank ABA: 121000248
Beneficiary Bank Acct: 4126885896
Beneficiary Bank Address: 1 Home Campus  Des Moines IA 50328
Special Information for Beneficiary:
Apply funds to: 708 loan 0483506804
Mortgagor: Michelle Killackey
Sender's Name and Phone Number
Deadline: 2:00 p.m. Central Time (Monday - Friday).

When sending funds by wire transfer, you should take steps to protect
yourself from imposter wire fraud:
* Wire fraud can occur if an imposter poses as someone you're working
  with. They may intercept emails or send you false instructions
  (in the email text or attachment) to wire funds to their account.
* To protect yourself, use only the wire instructions provided above.
  You can also confirm the instructions by calling Wells Fargo Customer
  Service. When you call, verify that the phone number you're using is
  correct by comparing it with other trusted sources of information.

CASHIER'S CHECK, CERTIFIED CHECK, OR OTHER CHECK
* Mail the check to:
     Wells Fargo Home Mortgage
     Attn: Payoffs, MAC F2302-045
     1 Home Campus
     Des Moines IA 50328
* Mailed check delivery times vary.
* We do not accept credit card checks or temporary/starter checks.

When paying by mail, please include this Payoff Coupon:
----------------------------------------------------------------------
708 Loan number:  0483506804
Property address: 39865 LA Moria Corte
                  Murrieta CA 92562

Payoff amount $ 61,524.00
Payoff amount good through 01-15-26      Amount enclosed _____

WE'RE HERE TO HELP - If you have questions or need further assistance,
please contact us at 1-800-868-0043, Monday - Friday, 7:00 a.m. to
7:00 p.m. Central Time.

708/0483506804/XP043/4/4/0000006152400
January 09, 2026                 Page 4 - 708 Loan number 0483506804
WELLS FARGO HOME MORTGAGE - ADDITIONAL PAYOFF INFORMATION

What you should know about the payoff amount:
The total amount outstanding is good through 01-15-26, or until any
activity occurs on the account. If funds are received after 01-15-26,
the payoff amount will be subject to an
additional $ 7.07 of interest per Day.

Any of the following payment activity on the account prior to 01-15-26
will change the payoff amount:
* We make disbursements for attorney fees and costs.
* We make disbursements from the escrow account for items due.
* If any check/electronic withdrawal previously credited to the loan
  is rejected by the financial institution from which it is drawn.

Recent escrow disbursement amounts and dates:
Real estate taxes:         $     1,696.10        11-13-25
Homeowners Insurance       $     2,072.00        01-05-26

Important Information:
* This is a foreclosure case. We may continue with legal proceedings.
* If the funds received are not the full payoff amount, we'll apply
  funds from the escrow account to complete the payoff.
* Interest will continue to accrue until we receive the full payment.
  This means the total payoff amount will change.
* After the payoff is complete, we'll release the lien on the property
  in accordance with state law. Please call us if you have any questions
  about the lien release process. You can also mail any questions or
  requests to: Wells Fargo Home Mortgage
  PO Box 10335, Des Moines, IA 50306

WE'RE HERE TO HELP - If you have questions or need further assistance,
please contact us at 1-800-868-0043, Monday - Friday, 7:00 a.m. to
7:00 p.m. Central Time.

Where appropriate, Wells Fargo Home Mortgage is required to inform you
that, as your account servicer, we are attempting to collect a debt and
any information obtained will be used for that purpose.

EXHIBIT 3

DOC # 2014-0357881
09/22/2014 08:50A Fee:31.00
Page 1 of 3
Recorded in Official Records
County of Riverside
Larry W. Ward
Assessor, County Clerk & Recorder

RECORDING REQUESTED BY AND MAIL TO:
*(Name and mailing address, including city, state, and ZIP code, of requesting party)*

KENNETH J. MIELE, BAR #165730
LAW OFFICES OF KENOSIAN & MIELE, LLP
8581 SANTA MONICA BLVD., #17
LOS ANGELES, CA 90069

| S | R | U | PAGE | SIZE | DA | MISC | LONG | RFD | COPY |
|---|---|---|------|------|----|----|------|-----|------|
|   |   |   |  3   |      |    |    |      |     | 1,50 |
| M | A | L | 465  | 426  | PCOR | NCOR | SMF | NCHG | EXAM |
|   |   |   |      |      | T: |    | CTY | UNI | 524 |

SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE

32.50

C
524

# DOCUMENT TITLE

[X] ABSTRACT OF JUDGMENT

[ ] ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

[ ] OTHER *(specify)*: _____

| # 113669 -2J                    |
| UNIFUND CCR, LLC Vs. KILLACKEY  |

RECORDER'S COVER SHEET

EJ-001

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, State Bar number, and telephone number):*
Recording requested by and return to:
Kenneth J. Miele, Esq. Bar #165730
Law Offices of Kenosian & Miele
8581 Santa Monica Blvd., #17
Los Angeles, CA 90069
TEL NO.: (888) 566-7644        FAX NO. (Optional): 310) 289-5177
E-MAIL ADDRESS (Optional):

☒ ATTORNEY FOR    ☒ JUDGMENT CREDITOR    ☐ ASSIGNEE OF RECORD

2014-0357881
09/22/2014 08:58A
2 of 3

*FOR RECORDER'S USE ONLY*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
STREET ADDRESS: 30755-D AULD ROAD
MAILING ADDRESS: 30755-D AULD ROAD
CITY AND ZIP CODE: MURRIETA, CA 92563
BRANCH NAME: SOUTHWEST JUSTICE CTR LIMITED CIVIL

PLAINTIFF: UNIFUND CCR, LLC , A Limited Liability Company

DEFENDANT: MICHELLE A. KILLACKEY aka MICHELLE CONO aka MICHELLE KILLACKEY

CASE NUMBER:
SWC 1400790

| **ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS** ☐ **Amended** | *FOR COURT USE ONLY* |

1. The ☒ judgment creditor ☐ assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address

   MICHELLE A. KILLACKEY aka MICHELLE CONO aka
   MICHELLE KILLACKEY
   39865 LA MORIA CORTE
   MURRIETA , CA 92562

   b. Driver's license no. [last 4 digits] and state:        ☒ Unknown

   c. Social security no. [last 4 digits]: 0417        ☐ Unknown

   d. Summons or notice of entry of sister-state judgment was personally served or mailed to (name and address):
   MICHELLE A. KILLACKEY aka MICHELLE CONO aka MICHELLE KILLACKEY  39865
   LA MORIA CORTE  MURRIETA, CA 92562-4175

2. ☐ Information on additional judgment debtors is shown on page 2.

3. Judgment creditor (name and address):
   UNIFUND CCR, LLC , A Limited Liability Company
   8581 Santa Monica Blvd., #17 Los Angeles CA 90069

Date: 09-10-14

KENNETH J. MIELE, ATTORNEY FOR UNIFUND CCR, LLC
(TYPE OR PRINT NAME)

4. ☐ Information on additional judgment creditors is shown on page 2.

5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

▶

(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $34428.74

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on (date): 08-21-14
   b. Renewal entered on (date):

9. ☐ This judgment is an installment judgment.

[SEAL] (Superior Court of California, County of Riverside seal)

This abstract issued on (date):

SEP 1 6 2014

10. ☐ An ☐ execution lien ☐ attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of (name and address):

11. A stay of enforcement has
    a. ☒ not been ordered by the court.
    b. ☐ been ordered by the court effective until (date):

12. a. ☒ I certify that this is a true and correct abstract of, the judgment entered in this action,
    b. ☐ A certified copy of the judgment is attached.

    Clerk, by _____ V Arnold , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| PLAINTIFF: UNIFUND CCR, LLC , A Limited Liability Company<br><br>DEFENDANT: MICHELLE A. KILLACKEY aka MICHELLE CONO aka MICHELLE KILLACKEY | COURT CASE NO.:<br>SWC 1400790 |
|---|---|

## NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:

13. Judgment creditor *(name and address):*

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

## INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:

16.         Name and last known address

Driver's license no. [last 4 digits] and state:

      ☐ Unknown

Social security no. [last 4 digits]:      ☐ Unknown

Summons was personally served at or mailed to *(address):*

17.         Name and last known address

Driver's license no. [last 4 digits] and state:

      ☐ Unknown

Social security no. [last 4 digits]:      ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.         Name and last known address

Driver's license no. [last 4 digits] and state:

      ☐ Unknown

Social security no. [last 4 digits]:      ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.         Name and last known address

Driver's license no. [last 4 digits] and state:

      ☐ Unknown

Social security no. [last 4 digits]:      ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

2014-0357881
03/22/2014 08:58A
3 of 3

EJ-001 [Rev. January 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 2 of 2



American LegalNet, Inc.
www.FormsWorkFlow.com

EXHIBIT 4

RECORDING REQUESTED BY AND MAIL TO:
*(Name and mailing address, including city, state,
and ZIP code, of requesting party)*

JOHN P. KENOSIAN, BAR #80261
LAW OFFICES OF KENOSIAN & MIELE, LLP
8581 SANTA MONICA BLVD., #17
LOS ANGELES, CA 90069

**2023-0109826**
04/18/2023 01:04 PM Fee: $ 98.00
Page 1 of 4
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

248

L    SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE    ⌐

# DOCUMENT TITLE

☐    ABSTRACT OF JUDGMENT

☐    ACKNOWLEDGMENT OF SATISFACTION OF JUDGMENT

☒    OTHER *(specify)*:    **APPLICATION FOR AND RENEWAL OF JUDGMENT**

Electronically FILED by Superior Court of California, County of Riverside on 03/13/2023 12:00 AM
Case Number SWC1400790 0000051778653 - Marita C. Ford, Interim Executive Officer/Clerk of the Court By Jennifer Perez, Clerk

**EJ-190**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):*<br>After recording, return to<br>John P. Kenosian, Bar #80261<br>Law Offices of Kenosian & Miele, LLP<br>8581 Sanata Monica Blvd. #17<br>Los Angeles, Ca 90069<br>TEL NO : 888-566-7644   FAX NO. (optional): 310-289-5177<br>E-MAIL ADDRESS *(Optional)*:<br>[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

STREET ADDRESS: 30755-D AULD ROAD

MAILING ADDRESS 30755-D AULD ROAD

CITY AND ZIP CODE: MURRIETA, CA 92563

BRANCH NAME:   SOUTHWEST JUSTICE CTR LIMITED CIVIL

*FOR RECORDER'S USE ONLY*

| | |
|---|---|
| PLAINTIFF: UNIFUND CCR, LLC A Limited Liability Company | **CASE NUMBER:**<br>SWC1400790 |
| DEFENDANT: MICHELLE A. KILLACKEY aka MICHELLE CONO aka MICHELLE KILLACKEY | |

| | |
|---|---|
| **APPLICATION FOR AND RENEWAL OF JUDGMENT** | *FOR COURT USE ONLY* |

[X] Judgment creditor·

[ ] Assignee of record

applies for renewal of the judgment as follows:

1. Applicant *(name and address)*:
   UNIFUND CCR, LLC A Limited Liability Company
   8581 Santa Monica Blvd. #17
   Los Angeles, Ca 90069

2. Judgment debtor *(name and last known address)*:
   MICHELLE A. KILLACKEY aka MICHELLE CONO aka MICHELLE KILLACKEY
   39865 LA MORIA CORTE  MURRIETA , CA 92562

3. Original judgment
   a. Case number *(specify)*:  SWC1400790
   b. Entered on *(date)*: 08-21-14
   c. Recorded:
      (1) Date: 09-22-14
      (2) County: RIVERSIDE
      (3) Instrument No.: 2014-0357881

4. [ ] Judgment previously renewed *(specify each case number and date)*:

5. [X] Renewal of money judgment

   | | | |
   |---|---|---|
   | a. Total judgment . . . . . . . . . . . . . . . . . . . . . $ | 34428.74 | |
   | b. Costs after judgment . . . . . . . . . . . . . . . . $ | 938.00 | |
   | c. Subtotal *(add a and b)* . . . . . . . . . . . . $ | 35366.74 | |
   | d. Credits after judgment . . . . . . . . . . . . . . $ | 0.00 | |
   | e. Subtotal *(subtract d from c)* . . . . . . . . . . . . $ | 35366.74 | |
   | f. Interest after judgment . . . . . . . . . . . . . . . . $ | 27182.67 | |
   | g. Fee for filing renewal application . . . . . . . . $ | 45.00 | |
   | h. Total renewed judgment *(add e, f, and g)*  $ | 62594.41 | |

   i. [ ] The amounts called for in items a–h are different for each debtor.
      These amounts are stated for each debtor on Attachment 5.

Form Approved for Optional Use
Judicial Council of California
EJ-190 [Rev. July 1, 2014]
**APPLICATION FOR AND RENEWAL OF JUDGMENT**
Code of Civil Procedure, § 683.140

113669

| SHORT TITLE:<br>UNIFUND CCR, LLC  A Limited Liability Company  vs. KILLACKEY, et al. | CASE NUMBER:<br>SWC1400790 |
|---|---|

6. ☐  Renewal of judgment for        ☐  possession.
                                      ☐  sale.

  a. ☐  If judgment was not previously renewed, terms of judgment as entered:

  b. ☐  If judgment was previously renewed, terms of judgment as last renewed:

  c. ☐  Terms of judgment remaining unsatisfied:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01-16-23

John P. Kenosian, Attorney for Plaintiff
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF DECLARANT)

EJ-190 [Rev. July 1, 2014]        **APPLICATION FOR AND RENEWAL OF JUDGMENT**        Page 2 of 2

**This must be in red to be a
"CERTIFIED COPY"**

Each document to which this certificate is attached
is certified to be a full, true and correct copy of the
original on file and of record in my office.

Superior Court of California
County of Riverside

By

**DEPUTY**

Dated: 4-4-23

Certification must be in red to be a
**"CERTIFIED COPY"**

**EXHIBIT 5**

# KENOSIAN & MIELE, LLP
## ATTORNEYS AT LAW
8581 SANTA MONICA BLVD., #17
LOS ANGELES, CALIFORNIA 90069
TELEPHONE (323) 297-2100 * TOLL FREE (888) 566-7644
FACSIMILE (310) 289-5177

DERIK N. LEWIS, ESQ.
120 VANTIS DRIVE, SUITE 300
ALISO VIEJO, CA 92656

---

| | |
|---|---|
| Today's Date: | 01-07-26 |
| Our Client: | UNIFUND CCR, LLC |
| Name: | KILLACKEY, MICHELLE A |
| Case Number: | SWC1400790 |
| Escrow Number: | 10267236-OCE-AA |
| Our File Number: | 113669 |
| Current Balance Due: | $71920.02 |

## **** PAYOFF DEMAND ****

Dear Sir or Madam:

Per your request, a demand is hereby made upon you for payment of the sum of **$71920.02** plus interest per day at the rate of **$17.14** from the date of this letter to the date of payoff. Once payment is received, our office will provide you with a full acknowledgement of satisfaction of judgment that you will need to · record.

Please make your check payable to:    **PMGI, LLC**

Please send your check to:    **8581 SANTA MONICA BLVD #17**

**LOS ANGELES, CA 90069**

Sincerely,

John P. Kenosian, Esq.
Kenosian & Miele, LLP
ATTORNEYS AT LAW

**Kenosian & Miele, LLP California Debt Collection Lic/Reg#:10706-99.**
**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for that purpose.**

# EXHIBIT 6

Recording requested by
**PACIFIC COAST TITLE COMPANY**
Recording Requested By

When Recorded Mail To
Val-Chris Investments, Inc., A California
Corporation
2601 Main Street, Suite 400
Irvine CA 92614

Title Order No. 10267236

DOC # 2022-0388835
09/09/2022 08:00 AM Fees: $39.00
Page 1 of 6
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: LISA #580

Space above this line for recorder's use

# DEED OF TRUST

Loan No. 16413

Recorded concurrently and in connection
with a transfer of real property that is a
residential dwelling to an owner-occupier
GC 27388.1(a)(2)

This Deed of Trust, made this **31st day of August 2022**, among the Trustor, **Michelle A Killackey, an unmarried woman** whose mailing address is **39865 La Moria Corte, Murrieta, CA 92562** (herein "Borrower"), **Worldwide Lenders, Inc., a Delaware Corporation** (herein "Trustee"), and the Beneficiary, **Val-Chris Investments, Inc., a California Corporation** (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 50% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **Riverside**, State of California: **LOT 15 OF TRACT NO. 21999, PER MAP RECORDED IN BOOK 174, PAGE 32-37, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF RIVERSIDE COUNTY, STATE OF CALIFORNIA**

APN: **948-111-015**, which has the address of **39865 La Moria Corte Murrieta CA 92562** (herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

## THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:

(a) the repayment of the indebtedness evidenced by Borrower's note (herein "Note") dated 08/31/2022, in the principal sum of U.S. $260,000.00, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the **Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend** generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:

1. **Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.

2. **Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development

assessments, if any) which may attain priority over this Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join  in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **Val-Chris Investments, Inc., 2601 Main Street, Suite 400 Irvine CA 92614** or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease for a term of more than 6-years (including options to renew), lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18. Default.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of; all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is a construction or home improvement loan, Borrower is required to perform according to the terms and conditions of each agreement contained in any building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.

**26. Waiver of Marshalling; Other Waivers.** To the extent permitted by law, Borrower waives: (i) the benefit of all present or future laws providing for any appraisal before sale of any portion of the Property; (ii) all rights of redemption, valuation, appraisal, stay of execution, notice of election to mature or declare due the whole of the indebtedness and marshalling in the event of foreclosure of the lien created by this Security Instrument; (iii) all rights and remedies which Borrower may have or be able to assert by reason of the laws of the State of California pertaining to the rights and remedies of sureties; (iv) the right to assert any statute of limitations as a bar to the enforcement of the lien of this Security Instrument or to any action brought to enforce the Note or any other obligation secured by this Security Instrument; and (v) any rights, legal or equitable, to require marshalling of assets or to require upon foreclosure sales in a particular order, including any rights under California Civil Code §§ 2899, 2924g and 3433. For clarification, it is required under this security instrument to sell all properties secured by this security instrument at one trustee sale until such time Lender withdraws said requirement.  Lender shall have sole rights to withdraw this requirement.

IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST

| | | | |
|---|---|---|---|
| _Borrower_    Michelle A. Killackey | 09·01·2022   Date | Borrower | Date |

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of California

County of _____

On _____ before me, _____,

personally appeared _____
_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

SEE ATTACHED

WITNESS my hand and official seal.

_____                    (Seal)
Signature

---

**REQUEST FOR FULL RECONVEYANCE**

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and** this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

| | | | |
|---|---|---|---|
| Signature of Beneficiary (the "LENDER") | Date | Signature of Beneficiary (the "LENDER") | Date |

When recorded, mail to
Att: _____

Applied Business Software, Inc. (800) 833-3343
Deed of Trust edited

16413/Killackey
Page 5 of 5

A notary public or other officer completing this certificate verifies only the Identity of the Individual who signed the document to which this certificate Is attached, and not the truthfulness, accuracy, or validity of that document.

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

State of California                    )

County of __RIVERSIDE__                )

On __1 SEPTEMBER 2022__ before me, __KIMBERLY SIERRA, NOTARY PUBLIC__,
(here insert name and title of the officer)

personally appeared __MICHELLE A. KILLACKEY__

_____,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

KIMBERLY SIERRA
Commission No. 2281842
NOTARY PUBLIC-CALIFORNIA
SAN BERNARDINO COUNTY
My Comm. Expires MARCH 19, 2023

(Seal)

─────────────── OPTIONAL INFORMATION ───────────────

Although the information in this section is not required by law, it could prevent fraudulent removal and reattachment of this acknowledgment to an unauthorized document and may prove useful to persons relying on the attached document.

## Description of Attached Document

The preceding Certificate of Acknowledgment is attached to a document titled/for the purpose of _____

_____

containing _____ pages, and dated _____

The signer(s) capacity or authority is/are as:
☐ Individual(s)
☐ Attorney-In-Fact
☐ Corporate Officer(s) _____
Title(s)

_____

☐ Guardian/Conservator
☐ Partner - Limited/General
☐ Trustee(s)
☐ Other: _____

representing: _____
Name(s) of Person(s) or Entity(ies) Signer is Representing
_____

Additional Information

Method of Signer Identification

Proved to me on the basis of satisfactory evidence:
☐ form(s) of identification  ☐ credible witness(es)

Notarial event is detailed in notary journal on:
Page # _____    Entry # _____

Notary contact: _____

Other
☐ Additional Signer(s)    ☐ Signer(s) Thumbprint(s)
☐ _____

© Copyright 2007-2014 Notary Rotary, Inc. PO Box 41400, Des Moines, IA 50311-0507. All Rights Reserved. Item Number 101772. Please contact your Authorized Reseller to purchase copies of this form.

# EXHIBIT 7

**VGI | VAL-CHRIS INVESTMENTS**

2601 Main Street, Suite 400, Irvine, CA 92614
949-252-8020 | www.val-chris.com
DRE #01002882 | NMLS #243299 | DFPI #603 5063

1/8/2026

Attn: Erick Feitshans
VIA: Email: erick@val-chris.com

Borrower:    Michelle A. Killackey
Property:    39865 La Moria Corte, Murrieta, CA 92562
Loan no.:    16413

# BENEFICIARY'S DEMAND FOR PAYOFF

In compliance with your request and the law, as the Trustee for both Val-Chris Investments, Inc. and Worldwide Lenders Inc., our office will issue and cause to be recorded a Deed of Reconveyance for the above referenced loan number, provided this demand is paid in form of a Cashier's Check, Money Order or Title Wire prior to 3:00 P.M. Funds received after this time will require another day's interest. Interest may be prorated up to the date we receive funds. **Please note, that this loan may contain provisions for default interest and advance fees both of which can significantly increase the loan costs if in default, please see below if applicable:**

| Payoff Date | 1/12/2026 |
|---|---|
| Interest Per Diem | $128.09 |
| Maturity Date | 10/1/2025 |
| Next Payment Due | 3/1/2025 |
| Interest Rate | 12.000% |
| Interest Paid-To Date | 2/1/2025 |
| Principal Balance | $259,740.00 |
| Unpaid Interest / Hold for Payment Clearance, to be released on: | $0.00 |
| Accrued Interest From 2/1/2025 To 1/12/2026 | $29,546.31 |
| Unpaid Late Charges | $2,860.00 |
| Accrued Late Charges to be assessed on: | $0.00 |
| Unpaid Charges   *For additional details see itemization attached | $12,645.79 |
| Prepayment Penalty | $0.00 |
| Other Fees | $213.00 |
| Trust Balance | $0.00 |
| **Payoff Amount** | **$305,005.10** |

**IF YOU ARE IN BANKRUPTCY OR HAVE RECEIVED A BANKRUPTCY DISCHARGE OF YOUR PERSONAL LIABILITY FOR THE OBLIGATION IDENTIFIED IN THIS LETTER, WE MAY NOT AND DO NOT INTEND TO PURSUE COLLECTION OF THAT OBLIGATION FROM YOU PERSONALLY.  THIS NOTICE IS NOT AND SHOULD NOT BE CONSTRUED TO BE A DEMAND FOR PAYMENT FROM YOU PERSONALLY.**

**Make cashier's check or money order payable to: Val-Chris Investments, Inc. OR**
**Wire to: Columbia Bank ABA / Routing no. 123205054**
**Account no. 230000646**
**Account Name Val-Chris Investments, Inc., Loan Servicing Account.**

We reserve the right to amend this demand should any changes occur that would increase the total amount for payoff **Please note that this demand expires on 1/12/2026**, at which time you are instructed to contact this office for additional instructions (DEMAND FORWARDING FEES ARE DUE EVEN UPON CANCELLATION OF YOUR ESCROW).

Sincerely,

Phone: 949-252-8020 Ext.3
Fax: 949-252-0154
Val-Chris Investments Inc.
Worldwide Lenders, Inc.
Payoff@Val-Chris.com

| ITEMIZATION OF UNPAID CHARGES | | | | | |
|---|---|---|---|---|---|
| Date | Description | Interest Rate | Unpaid Balance | Accrued Interest | Total Due |
| Apr 29, 2025 | Default Processing Fee | 0.000% | $495.00 | $0.00 | $495.00 |
| Sep 17, 2025 | Publication Costs due to Ashwood TD TS # 2025-11460 (6947.40) | 0.000% | $2,137.66 | $0.00 | $2,137.66 |
| Sep 17, 2025 | Publication Costs due to Ashwood TD TS # 2025-11460 (6947.40) | 0.000% | $2,137.66 | $0.00 | $2,137.66 |
| Sep 17, 2025 | Publication Costs due to Ashwood TD TS # 2025-11460 (6947.40) | 0.000% | $2,672.08 | $0.00 | $2,672.08 |
| Oct 2, 2025 | Default Interest 6% due to maturity | 6.000% | $259,740.00 | $4,397.79 | $264,137.79 |
| Oct 2, 2025 | Default Interest (Principal Balance) | 0.000% | ($259,740.00) | $0.00 | ($259,740.00) |
| Oct 14, 2025 | Demand Email/Fax/Mail | 0.000% | $50.00 | $0.00 | $50.00 |
| Oct 14, 2025 | Foreclosure Cost to Ashwood TD - Remaining Balance | 0.000% | $755.60 | $0.00 | $755.60 |
| | | | | Total | $12,645.79 |

| ITEMIZATION OF OTHER FEES | |
|---|---|
| Description | Amount |
| Demand Fee | $50.00 |
| Reconveyance Processing Fee | $45.00 |
| Recording Fee | $103.00 |
| Notary Fee | $15.00 |
| Total | $213.00 |

EXHIBIT 8

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Michelle Angelique Killackey** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **CENTRAL DISTRICT OF CALIFORNIA**

Case number  **6:26-bk-10924**
(if known)

☐ Check if this is an
amended filing

## Official Form 106C

# Schedule C: The Property You Claim as Exempt

4/25

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

**Part 1:    Identify the Property You Claim as Exempt**

1.  **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

    ■ You are claiming state and federal nonbankruptcy exemptions.  11 U.S.C. § 522(b)(3)

    ☐ You are claiming federal exemptions.  11 U.S.C. § 522(b)(2)

2.  **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| **39865 La Moria Corte Murrieta, CA 92562  Riverside County**<br>Line from *Schedule A/B*: **1.1** | $590,000.00 | ■            $600,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.730 |
| **2018 Honda Civic 100,000 miles**<br>Line from *Schedule A/B*: **3.1** | $7,500.00 | ■            $7,500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.010 |
| **Misc. Household Goods and Furnishings**<br>Line from *Schedule A/B*: **6.1** | $2,000.00 | ■            $2,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Misc. Electronics**<br>Line from *Schedule A/B*: **7.1** | $500.00 | ■            $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |
| **Misc. Clothing**<br>Line from *Schedule A/B*: **11.1** | $110.00 | ■            $110.00<br>☐ 100% of fair market value, up to any applicable statutory limit | C.C.P. § 704.020 |

Debtor 1   **Michelle Angelique Killackey**                                     Case number (if known)   **6:26-bk-10924**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | | Specific laws that allow exemption |
|---|---|---|---|---|
| **Misc. Costume Jewelry**<br>Line from *Schedule A/B*: **12.1** | $1,000.00 | ■ | $1,000.00 | **C.C.P. § 704.040** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking: Banc of California**<br>Line from *Schedule A/B*: **17.1** | $101.00 | ■ | $101.00 | **C.C.P. § 704.220** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Checking: Navy Federal Credit Union**<br>Line from *Schedule A/B*: **17.2** | $0.00 | ■ | $0.00 | **C.C.P. § 704.220** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Other financial account: Paypal**<br>Line from *Schedule A/B*: **17.3** | $10.00 | ■ | $10.00 | **C.C.P. § 704.220** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |
| **Savings: Goldman Sachs**<br>Line from *Schedule A/B*: **17.4** | $11.00 | ■ | $11.00 | **C.C.P. § 704.220** |
| | | ☐ | 100% of fair market value, up to any applicable statutory limit | |

3.  **Are you claiming a homestead exemption of more than $214,000?**
    (Subject to adjustment on 4/01/28 and every 3 years after that for cases filed on or after the date of adjustment.)

    ☐  No

    ■  Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

    ■  No

    ☐  Yes

**EXHIBIT 9**

## BROKER PRICE OPINION OF



## RESIDENTIAL PROPERTY

**LOCATED AT:**
39865 La Moria Corte, Murrieta, CA 92562

**AS OF:**
Feb 21, 2026

**BY:**
John Holmes

**LIC NUMBER:**
#00957800

# RESIDENTIAL BROKER PRICE OPINION

Loan #
BPO # This BPO is the ☑ Initial ☐ 2nd Opinion ☐ Updated ☐ Exterior Only          DATE Feb 21, 2026
PROPERTY ADDRESS: 39865 La Moria Corte, Murrieta, CA 92562          SALES REPRESENTATIVE:
                                                                    CLIENT NAME: Vantis Law Firm
FIRM NAME: Lawyers Realty Group          COMPLETED BY: John Holmes
PHONE NO. 949-535-2945          FAX NO. 949-485-6685

**I.  GENERAL MARKET CONDITIONS**

Current market condition:      ☐ Depressed      ☐ Slow      ☑ Stable      ☐ Improving      ☐ Excellent
Employment conditions:      ☐ Declining      ☑ Stable      ☐ Increasing
Market price of this type property has:      ☐ Decreased      __ % in past __ months
                                             ☐ Increased      __ % in past __ months
                                             ☑ Remained stable
Estimated percentages of owner vs. tenants in neighborhood: 70.60% owner occupant 20.40% tenant
There is a ☑ normal supply ☐ oversupply ☐ shortage of comparable listings in the neighborhood
Approximate number of comparable units for sale in neighborhood: 4
No. of competing listings in neighborhood that are REO or Corporate owned: 0
No. of boarded or blocked-up homes: 0

**II.  SUBJECT MARKETABILITY**

Range of values in the neighborhood is __ $ to __ $
The subject is an ☐ over improvement ☐ under improvement ☑ appropriate improvement for the neighborhood.
Normal marketing time in the area is: 125 days.
Are all types of financing available for the property?      ☑ Yes ☐ No      If no, explain __
Has the property been on the market in the last 12 months?      ☑ Yes ☐ No      If yes, $ 565000 list price (include MLS printout)
To the best of your knowledge, why did it not sell? Currently in BK. Not active on MLS.
Unit Type:      ☑ single family detached      ☐ condo      ☐ co-op      ☐ mobile home      ☐ 3 unit
                ☐ single family attached      ☐ townhouse      ☐ modular      ☐ 2 unit      ☐ 4 unit
If condo or other association exists: Fee $ __ ☑ monthly ☐ annually Current? ☑ Yes ☐ No ☐ Unknown Fee delinquent? $ __
The fee includes:
Association Contact: Name: _____
      Phone No.: _____

## III. COMPETITIVE CLOSED SALES

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | COMPARABLE NUMBER 2 | | COMPARABLE NUMBER 3 | |
|---|---|---|---|---|---|---|---|
| Address | 39865 La Moria Corte, Murrieta, CA 92562 | 24457 New Haven Dr., Murrieta, CA 92562 | | 24484 Tuscola, Murrieta, CA 92562 | | 39822 Barcelona, Murrieta CA 92562 | |
| Proximity to Subject | | 0.3 REO/Corp ☐ | | 0.2 REO/Corp ☐ | | 0.6 REO/Corp ☐ | |
| Sale Price | $ | $540,000.00 | | $590,000.00 | | $565,000.00 | |
| Price/Gross Living Area | $___ Sq. Ft. | $394.16 Sq. Ft. | | $374.13 Sq. Ft. | | $329.25 Sq. Ft. | |
| Sale Date & Days on Market | 01/01/1970 | 10/27/2025 15 | | 11/25/2025 12 | | 02/05/2026 21 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Sales or Financing Concessions | | Yes | | Yes | | Yes | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee | Fee | | Fee | | Fee | |
| Site | 6,534 | 6,098 | | 5,663 | | 10,019 | -$6,970.00 |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design and Appeal | Modern/Average | Modern/Average | | Modern/Average | | Modern/Average | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 1988 | 1988 | | 1987 | | 1988 | |
| Condition | Good | Good | | Good | | Good | |
| Above Grade Room Count | Total 7 / Bdms 3 / Baths 2.50 | Total 7 / Bdms 3 / Baths 2.00 | | Total 7 / Bdms 3 / Baths 2.50 | | Total 7 / Bdms 3 / Baths 2.50 | |
| Gross Living Area | 1542 | 1370 | $12,900.00 | 1577 | | 1716 | -$13,050.00 |
| Basement & Finished Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FAU/CA | FAU/CA | | FAU/CA | | FAU/CA | |
| Energy Efficient Items | Typical | Typical | | Typical | | Typical | |
| Garage/Carport | 2-Car Garage | 2-Car Garage | | 2-Car Garage | | 2-Car Garage | |
| Porches, Patio, Deck Fireplace(s), etc. | Patio/Fireplace | Patio/Fireplace | | Patio/Fireplace | | Patio/Fireplace | |
| Fence, Pool, etc. | No Pool/Spa | No Pool/Spa | | Pool | -$15,000.00 | No Pool/Spa | |
| Other | | | | | | | |
| Net Adj. (total) | | ☑ + ☐ - | $12,900.00 | ☐ + ☑ - | $15,000.00 | ☐ + ☑ - | $20,020.00 |
| Adjusted Sales Price of Comparable | | | $552,900.00 | | $575,000.00 | | $544,980.00 |

**IV. MARKETING STRATEGY**
Occupancy Status: Occupied ☑ Vacant ☐ Unknown ☐
☑ As-is ☐ Minimal Lender Required Repairs ☐ Repaired Most Likely ☐ Other
Buyer: ☑ Owner occupant ☐ Investor

Fill repairs list!

**VI. COMPETITIVE LISTINGS**

| ITEM | SUBJECT | COMPARABLE NUMBER 1 | | COMPARABLE NUMBER 2 | | COMPARABLE NUMBER 3 | |
|---|---|---|---|---|---|---|---|
| Address | 39865 La Moria Corte, Murrieta, CA 92562 | 24643 Leafwood Dr., Murrieta, CA 92562 | | 40412 Via Amapola, Murrieta, CA 92562 | | 39897 Verono Corte, Murrieta, CA 92562 | |
| Proximity to Subject | | 0.1 REO/Corp ☐ | | 0.75 REO/Corp ☐ | | 0.1 REO/Corp ☐ | |
| List Price | $ | $619,999.00 | | $540,000.00 | | $569,000.00 | |
| Price/Gross Living Area | $___ Sq. Ft. | $347.71 Sq. Ft. | | $313.59 Sq. Ft. | | $320.02 Sq. Ft. | |
| Data and/or Verification Sources | | MLS | | MLS | | MLS | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment | DESCRIPTION | +(-) Adjustment |
| Sales or Financing Concessions | | N/A | | N/A | | N/A | |
| Days on Market | | 46 | | 43 | | 103 | |
| Location | Suburban | Suburban | | Suburban | | Suburban | |
| Leasehold/Fee Simple | Fee | Fee | | Fee | | Fee | |
| Site | 6,534 | 5,227 | | 5,227 | | 5,663 | |
| View | Neighborhood | Neighborhood | | Neighborhood | | Neighborhood | |
| Design and Appeal | Modern/Average | Modern/Average | | Modern/Average | | Modern/Average | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Age | 1988 | 1989 | | 1989 | | 1988 | |
| Condition | Good | Good | | Good | | Fair | $25,000.00 |
| Above Grade Room Count | Total 7 / Bdms 3 / Baths 2.50 | Total 8 / Bdms 4 / Baths 3.00 | -$10,000.00 | Total 7 / Bdms 3 / Baths 2.50 | | Total 8 / Bdms 4 / Baths 2.50 | -$10,000.00 |
| Gross Living Area | 1542 | 1778 | -$17,700.00 | 1722 | -$13,500.00 | 1778 | -$17,700.00 |
| Basement & Finished Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Average | Average | | Average | | Average | |
| Heating/Cooling | FAU/CA | FAU/CA | | FAU/CA | | FAU/CA | |
| Energy Efficient Items | Typical | Typical | | Typical | | Typical | |
| Garage/Carport | 2-Car Garage | 2-Car Garage | | 2-Car Garage | | 2-Car Garage | |
| Porches, Patio, Deck Fireplace(s), etc. | Patio/Fireplace | Patio/Fireplace | | Patio/Fireplace | | Patio/Fireplace | |
| Fence, Pool, etc. | No Pool/Spa | NoPool/Spa | | No Pool/Spa | | No Pool/Spa | |
| Other | | | | | | | |
| Net Adj. (total) | | ☐ + ☑ - | $27,700.00 | ☐ + ☑ - | $13,500.00 | ☐ + ☑ - | $2,700.00 |
| Adjusted Sales Price of Comparable | | | $592,299.00 | | $526,500.00 | | $566,300.00 |

**VI. THE MARKET VALUE** (The value must fall within the indicated value of the Competitive Closed Sales).
*Notwithstanding any preprinted language to the contrary, this opinion is not an appraisal of market value of the subject property. If an appraisal is desired, the services of a licensed or certified appraiser must be obtained.*

| | Market Value | | Suggested List Price |
|---|---|---|---|
| AS IS | $550,000.00 | | $_____ |
| REPAIRED | $_____ | | $_____ |

Last Sale of Subject, Price $157,500.00 Date 12/30/1999
COMMENTS
Subject property is located on a cul-de-sac in a desirable neighborhood in Murrieta. Subject property is in good/average condition. All comparables are typically within 3/4 of a mile or less in distance from subject property. Differences in square footage are calculated at $75.00 sqft. Average marketing time in the area is approximately 125-days statistically.

Signature: John Holmes                                    Date: Feb 21, 2026

**PHOTOGRAPHS OF SUBJECT PROPERTY**



## PHOTOGRAPHS OF COMPARABLE SALES



Comparable Sale 1



Comparable Sale 2



Comparable Sale 3

**PHOTOGRAPHS OF COMPARABLE LISTINGS**



Comparable Listing 1



Comparable Listing 2



Comparable Listing 3

**ADDITIONAL PHOTOGRAPHS**





















# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4158 14th St. Riverside, CA 92501

A true and correct copy of the foregoing document entitled: **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 4/21/2026 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

ustpregion16.rs.ecf@usdoj.gov
taftrustee@lnbyb.com

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 4/21/2026 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

Wells Fargo Bank, N.A. (Certified US Mail)
Attn: Charles Scharf
3201 N 4th Ave
Sioux Falls, SD 57104

Val-Chris Invs. Inc.
Attn: Christopher L. Boulter
2601 MAIN STREET, SUITE 400
IRVINE, CA 92614

Unifund CCR, LLC
Attn: David G. Rosenberg
9999 CARVER ROAD, SUITE 150
BLUE ASH, OH 45242

☒  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/21/2026 | Michael Smith | /s/ Michael Smith |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

Kenosian & Miele, LLP

8581 Santa Monica Blvd. #17

Los Angeles, CA 90069

Kenosian & Miele, LLP