**WRIGHT, FINLAY & ZAK, LLP**
Arnold L. Graff, Esq. (SBN 269170)
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050
Fax: (949) 608-9142
Email: agraff@wrightlegal.net
WFZ No.: 261-20262001

Attorney for Movant, FORGE TRUST CO. CFBO: CHRIS L. BOULTER IRA ACCOUNT #528079; ALLEN F. HULME AND JULIE A. HULME, TRUSTEES OF THE AJH FAMILY TRUST UDT JUNE 12, 2008, SEPARATE PROPERTY OF ALLEN F. HULME; AND RUSSELL P. HULME AND JULIE L. HULME, TRUSTEES OF THE RJH FAMILY TRUST, U.D.T. DATED JUNE 12, 2008, AS BENEFICIARY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>MICHELLE ANGELIQUE KILLACKEY,<br><br>    Debtor. | Case No. 6:26-bk-10924-SY<br>Chapter: 7<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**<br><br>Hearing:<br>Date:   June 10, 2026<br>Time:   9:30 am<br>Crtm:   302<br>Place:   United States Bankruptcy Court<br>            3420 Twelfth Street<br>            Riverside, CA 92501 |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)

Movant, FORGE TRUST CO. CFBO: CHRIS L. BOULTER IRA ACCOUNT #528079; ALLEN F. HULME AND JULIE A. HULME, TRUSTEES OF THE AJH FAMILY TRUST UDT JUNE 12, 2008, SEPARATE PROPERTY OF ALLEN F. HULME; AND RUSSELL P. HULME AND JULIE L. HULME, TRUSTEES OF THE RJH FAMILY TRUST, U.D.T. DATED JUNE

12, 2008, AS BENEFICIARY (collectively, "Movant") hereby submits these Memorandum of Points and Authorities in Support of its Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 ("Motion") and supporting documents filed concurrently therewith, as follows:

## I.      **INTRODUCTION**

Movant is the holder of a second position deed of trust secured by a security interest in certain real properties located at **39865 La Moria Corte, Murrieta, CA 92562** (the "Subject Property").   Movant respectfully requests relief from the automatic stay in this chapter 7 bankruptcy case so that Movant can proceed with its state law remedies regarding certain Subject Property. Cause exists to terminate the automatic stay because: (1) no post-petition payments have been received at any point during the instant bankruptcy (as the subject loan fully matured back October 1, 2025), [*See* Real Property Declaration being filed in support of Motion ("Real Property Declaration")], and (2) the senior lienholder has filed a motion for relief from stay because Debtor is approximately one year delinquent on her required payments on the senior loan. The senior lienholder also allegedly recorded a Notice of Default pre-petition.  Lastly, the Chapter 7 Trustee has already filed a Chapter 7 Trustee's Report of No Distribution on March 19, 2026.

As such, because the Property is not necessary for an effective reorganization in this chapter 7 bankruptcy, payments are not being regularly made on the first and second trust deeds, and the Trustee has no interest in administering the subject property, relief from stay is warranted as to Movant under § 362(d)(1) and a waiver of the 14-day stay under Federal Rule of Bankruptcy Procedure ("FRBP")4001(a)(3).  Indeed, if the senior lienholder obtains stay relief, it will be mere weeks away from foreclosing and wiping out Movant's junior lien completely.

/././

/././

/././

Memorandum of Points and Authorities
Case No.: 6:26-bk-10924-SY

## II.      FACTS AND PROCEDURAL HISTORY

**A.      The Subject Loan**

On or about August 31, 2022, Debtor Michelle A Killackey ("Debtor") obtained a loan in the original amount of $260,000.00 (the "Loan") from Val-Chris Investments, Inc. ("VCI"), which secured repayment of the subject loan by their interest in the Subject Property via a deed of trust (the "Deed of Trust"), recorded against the Subject Property on September 9, 2022, in the Riverside County Recorder's Office.  The Note, which has been specially endorsed and made payable to Movant, requires monthly interest-only payments of $2,600.00 each commencing on November 1, 2022 and continuing until a final lump sum payment becomes due and owing on or about October 1, 2025 (the "Maturity Date").  True and correct copies of the Note and Deed of Trust are attached hereto as **Exhibits 1-2**, respectively.

All beneficial interest in the Deed of Trust and the Note were subsequently assigned and transferred from VCI to Movant. A true and correct copy of the Assignment of Deed of Trust is attached hereto as **Exhibit 3**.

On April 30, 2025, because Debtor defaulted on the terms of the Loan a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on in the Riverside County Recorder's Office, reflect a default of $8.189.35.  A true and correct copy of the recorded NOD is attached hereto as **Exhibit 4**.

On September 26, 2025, a Notice of Trustee's Sale ("NOS") was recorded in the Riverside County Recorder's Office, which initially scheduled a foreclosure sale for October 23, 2025 at 9:00 am. A true and correct copy of the NOS is attached hereto as **Exhibit 5**.

/././

/././

/././

**B.**      **Bankruptcy Case**

On February 9, 2026, Debtor filed a petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California, Riverside Division, as Case No. 6:26-bk-10924-SY (the "Bankruptcy") [*See* ECF #1].

On March 19, 2026, 2026, the Chapter 7 Trustee filed a Report of no Distribution [*See* ECF #10].

On May 5, 2026, the senior lienholder, Wells Fargo Bank, N.A. ('Wells Fargo"), filed a motion for relief from the automatic stay (the "Senior Relief Motion"), seeking stay relief because Debtor a full year delinquent on the senior loan, as substantiated by sworn declaration. [*See* ECF 13].  The Senior Relief Motion also confirms that a Notice of Default was recorded by the senior lienholder back on December 16, 2025, and alleges that there is no equity in the Property available for the bankruptcy estate, based on the homestead exemption being claimed by Debtor. [See *id*.]

As of May 5, 2026, the total outstanding payoff balance on Movant's fully matured loan has increased to $313,773.83 [*See* Supporting Real Property Declaration, ¶ 8].

### III.    ARGUMENT

**A.**      **Relief From Stay Should Be Granted Under Pursuant To 11 U.S.C. § 326(d)(1) Because Movant Is Not Adequately Protected**

11. U.S.C. § 362(d) states: On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate.[1]

The Ninth Circuit has found cause to grant relief from stay under § 362(d)(1) when a debtor has not been diligent in carrying out her duties in the bankruptcy case, when a debtor has failed to

---

[1] 11 U.S.C. §362(d)(1)(Emphasis added).

make consistent and timely post-petition payments to her creditors, or when the debtor is using bankruptcy to delay payment or foreclosure.[2]

Here, as stated above, Debtor has not made any post-petition payments on the Subject Loan, which fully matured way back on October 1, 2025. [*See* **Exhibits 1-5** & Real Property Declaration, ¶ 8]. Moreover, the senior lienholder has filed its own a motion for relief because Debtor is at least a full year delinquent on payments with respect to the senior lien, in which already recorded a Notice of Default in December 2025. The senior lienholder also correctly asserts that there is insufficient equity in the Property for administration the current bankruptcy, based in the Debtor's claimed homestead exemption and the Trustee's subsequently filed Report of No Distribution. [*See* ECF #s 10 & 13].

Accordingly, Movant is clearly not adequately protected and is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), because if the senior lienholder obtains stay relief, it will potentially be only a few weeks away from foreclosing and wiping out Movant's entire junior lien, despite Movant's Loan maturing before this bankruptcy even commenced. Therefore, Movant respectfully requests that this Court grant stay relief and waive the 14-day stay, based on the substantial default and the urgent need to prevent being wiped out by the senior lienholder, and because the Property not necessary for an effective reorganization in this liquidation chapter 7 bankruptcy case, and because granting Movant stay relief will not prevent Debtor from obtaining a personal discharge in this bankruptcy case. [*See* ECF, Generally].

## IV.   CONCLUSION

**WHEREFORE,** Movant respectfully prays that this Court issue an Order as follows:

1)    Granting relief from and terminating the automatic stay as to Debtor and Debtor's estate to allow Movant, and or its successors and/or assigns, to proceed under applicable non-

---

[2] *In re Harlan*, 783 F.2d 839 (BAP 9th Cir. 1986); *In re Ellis*, 60 B.R. 432 (BAP 9th Cir. 1985).

Memorandum of Points and Authorities
Case No.: 6:26-bk-10924-SY

bankruptcy law to enforce its rights and remedies in the Subject Properties under the subject Note and Deed of Trust to foreclose upon and/or to take any other actions necessary to obtain possession of the Subject Properties;

2)      Waiving the fourteen-day stay described by Federal Rule of Bankruptcy Procedure Rule 4001(a)(3);

3)      That the order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code; and

4)      Provide such other relief as the Court deems proper.

**WRIGHT, FINLAY & ZAK, LLP**

Dated:  05/14/2026                          By:/s/ *Arnold L. Graff*
                                            Arnold L. Graff, Esq. (SBN 269170)
                                            Attorney for Movant.